**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|   |   |
|---|---|
| **KAREL ALVAREZ and JUAN TELLADO,** individually and on behalf of all persons similarly situated, | : CIVIL ACTION NO.: 2:16-cv-02705-MSG : : : |
| Plaintiffs, | : : |
| v. | : : |
| **BI, INCORPORATED,** | : : |
| Defendant. | : |

**PLAINTIFFS' UNOPPOSED AND RENEWED MOTION FOR
APPROVAL OF THE SETTLEMENT AGREEMENT AND ADDENDUM TO
<u>SETTLEMENT AGREEMENT</u>**

Plaintiffs Karel Alvarez and Juan Tellado, through their undersigned counsel, respectfully move this Court for an Order approving the Parties' Settlement Agreement that the parties entered into and submitted to the Court on October 2, 2019 at Docket Number 87-3 (the "Settlement Agreement," "Settlement" or "Agreement") with modifications provided for in the Addendum to the Settlement Agreement ("Addendum"), according to the dictates of the Court's April 7, 2020 Memorandum and Order at Docket Numbers 88-89, and in support thereof state as follows:

1. On October 2, 2020, Plaintiffs submitted an Unopposed Motion for Approval of the Settlement Agreement and Attorneys' Fees and Costs." (ECF No. 87.)

2. On April 7, 2020, the Court entered a Memorandum Opinion and Order, in which the Court held that (a) final certification of the Opt-In Plaintiffs as an FLSA collective is appropriate; (b) the settlement resolves a *bona fide* dispute between the parties; (c) approval of the Settlement Agreements compensation terms is warranted, including the proposed allocation formula and the settlement fund to Opt-In Plaintiffs; (d) the service awards to Named Plaintiffs

are fair and reasonable; (e) the attorneys' fees and costs provisions were fair and reasonable; and (d) the scope of the release provision with respect to Opt-In Plaintiffs was approved and did not frustrate the purposes of the FLSA. *See* ECF No. 88.

3. The Court held that the General Release provision in the Settlement Agreement applicable to the Named Plaintiffs is "pervasive and overbroad," and "frustrates the purpose of the FLSA." *Id.* The Court accordingly entered an accompanying Order denying Plaintiffs' Unopposed Motion for Approval of the Settlement Agreement and Attorneys' Fees and Costs without prejudice, and instructed the parties to submit a revised settlement agreement, which addressed the issues identified in the Court's Memorandum Opinion, within 30 days from the date of the Order. (ECF No. 89.)

4. The Parties thereafter executed the Addendum, which modifies the Settlement Agreement to remove the general release provisions applicable to the Named Plaintiffs to bring the Settlement Agreement in compliance with the Court's Memorandum Opinion and Order. A true and correct copy of the Settlement Agreement as filed and Addendum is attached hereto as Exhibit 1 to this Motion.

5. Accordingly, Plaintiffs hereby submit this Unopposed and Renewed Motion for Approval of Settlement Agreement and Addendum to Settlement Agreement and respectfully request that the Court enter an Order granting approval of the Parties' Settlement Agreement and Addendum and finally dismissing this lawsuit with prejudice.

Defendant does not oppose this Motion. An amended proposed Order is submitted for the Court's consideration.

Dated: May 7, 2020

Respectfully submitted,

BERGER MONTAGUE PC

s/ Sarah R. Schalman-Bergen
Sarah R. Schalman-Bergen
Camille Fundora Rodriguez
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620
sschalman-bergen@bm.net
crodriguez@bm.net

Ryan Allen Hancock
Bruce Ludwig
WILLIG, WILLIAMS, & DAVIDSON
1845 Walnut Street 24th Floor
Philadelphia, PA 19103
Telephone: (215) 656-3600
rhancock@wwdlaw.com
bludwig@wwdlaw.com
*Attorneys for Plaintiffs and the Opt-In Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all counsel of record through the Court's ECF system this 7th day of May 2020.

s/ Sarah R. Schalman-Bergen
Sarah R. Schalman-Bergen
